UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        - v. -                 :     SUPERSEDING INFORMATION

MAXIMO GOMEZ,                     :     S1 07 Cr. 783 (WHP)

             Defendant.     :

- - - - - - - - - - - - - - - - - x

## COUNT ONE

The United States Attorney charges:

1. In or about June 2007, in the Southern District of New York and elsewhere, MAXIMO GOMEZ, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that MAXIMO GOMEZ, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B).

1



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 0 6 2008

Overt Act

3. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a. On or about June 19, 2007, MAXIMO GOMEZ, the defendant, and two co-conspirators not named as defendants herein ("CC-1" and "CC-2"), traveled from New York, New York, to Newark, New Jersey, to participate in the sale of three kilograms of cocaine.

(Title 21, United States Code, Section 846.)

COUNT TWO

The United States Attorney further charges:

4. From in or about May 2007, up to and including in or about June 2007, in the Southern District of New York and elsewhere, MAXIMO GOMEZ, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

5. It was a part and an object of the conspiracy that MAXIMO GOMEZ, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).

Overt Act

6. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

    a. In or about June 2007, MAXIMO GOMEZ, the defendant, purchased cocaine from a co-conspirator not named as a defendant herein ("CC-3"), in New York, New York.

(Title 21, United States Code, Section 846.)


FORFEITURE ALLEGATIONS

7. As a result of committing the controlled substance offenses alleged in Count One and Count Two of this Information, MAXIMO GOMEZ, the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the violation alleged in Count One of this Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the said violation, including but not limited to the following:

    a. A sum of money in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offenses alleged in Count One and Count Two of this Information.

Substitute Asset Provision

4. If any of the above-described forfeitable property, as a result of any act or omission of the said defendants:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

*[signature: Michael J. Garcia]*
MICHAEL J. GARCIA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

MAXIMO GOMEZ,

Defendant.

**INFORMATION**

21 U.S.C. §§ 846, 841(a)(1), and 853.

<u>MICHAEL J. GARCIA</u>
United States Attorney.